Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 1

# UNITED STATES DISTRICT COURT

District of North Dakota

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**Andrew Michael Spofford** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 3:12-cr-80-01<br>USM Number: 11751-059<br><br>John Goff<br>Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   **1-5 of the Indictment**

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §846 | Conspiracy to possess with intent to distribute and distribute controlled substances and controlled substance analogues | 8/29/12 | 1 |
| Addtl counts on Page 2. | resulting in serious bodily injury and death | | |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   ☐ is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 3, 2014
Date of Imposition of Judgment

*/s/ Ralph R. Erickson*
Signature of Judge

**Ralph R. Erickson**   U.S. Chief District Judge
Name and Title of Judge

March 5, 2014
Date

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 1A

Judgment—Page __2__ of __7__

DEFENDANT: Andrew Michael Spofford
CASE NUMBER: 3:12-cr-80-01

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC § 841(a)(1) | Possession of an analogue controlled substance with intent to distribute and distribution resulting in death | 8/29/12 | 2 |
| 21 USC § 841 (a)(1) | Distribution of an analogue controlled substance resulting in serious bodily injury | 8/29/12 | 3 |
| 21 USC § 841(a)(1) | Possession of an analogue controlled substance with intent to distribute resulting in death | 8/29/14 | 4 |
| 21 USC § 333(a) | Causing the introduction into interstate commerce of a misbranded drug | 8/29/14 | 5 |

DEFENDANT: Andrew Michael Spofford
CASE NUMBER: 3:12-cr-80-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**210 Months for counts 1-4 and 12 months for count 5 to run concurrent with counts 1-4 for a total term of imprisonmnet of 210 months. Defendant shall receive credit for time already served.**

☑ The court makes the following recommendations to the Bureau of Prisons:

**1. That the defendant be permitted to participate in the 500 hour Residential Drug Abuse Treatment Program (RDAP) offered by the Bureau of Prisons and that he be afforded any benefit from successful completion of this program.**

See Page 3 for additional recommendations.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 2A — Imprisonment

Judgment—Page __4__ of __7__

DEFENDANT:  Andrew Michael Spofford
CASE NUMBER:  3:12-cr-80-01

## ADDITIONAL IMPRISONMENT TERMS

2. That the defendant be allowed to serve his term of imprisonment at Sandstone, Minnesota.

3. If the defendant is not allowed to serve his sentence at Sandstone, that he serve his sentence at Oxford, WI.

4. If the defendant is not allowed to serve his sentence at Sandstone, MN or Oxford, WI, that he be allowed to serve his sentence closest to his permanent residence which is Fargo, ND.

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 3 — Supervised Release

Judgment—Page 5 of 7

DEFENDANT: **Andrew Michael Spofford**
CASE NUMBER: **3:12-cr-80-01**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
**5 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 3:12-cr-00080-DLH   Document 227   Filed 03/06/14   Page 6 of 7
Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 3C — Supervised Release

Judgment—Page  6  of  7

DEFENDANT: **Andrew Michael Spofford**
CASE NUMBER: **3:12-cr-80-01**

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a chemical dependency treatment program as approved by the supervising probation officer.

2. The defendant shall participate in a program aimed at addressing specific interpersonal or social areas, for example, domestic violence, anger management, marital counseling, financial counseling, cognitive skills, parenting.

3. The defendant shall participate in mental health treatment/counseling as directed by the supervising probation officer.

4. The defendant shall totally abstain from the use of alcohol and illegal drugs or the possession of a controlled substance, as defined in 21 U.S.C. Section 802 or state statute, unless prescribed by a licensed medical practitioner; and any use of inhalants.

5. The defendant shall submit to drug/alcohol screening at the direction of the U.S. Probation Officer to verify compliance. Failure or refusal to submit to testing can result in mandatory revocation. Tampering with the collection process or specimen may be considered the same as a positive test result.

6. The defendant shall disclose his financial situation at the request of the supervising probation officer.

7. As directed by the Court, if during the period of supervised released the supervising probation officer determines the defendant is in need of placement in a Residential Re-Entry Center (RRC), the defendant shall voluntarily report to such a facility as directed by the supervising probation officer, cooperate with all rules and regulations of the facility, participate in all recommended programming, and not withdraw from the facility without prior permission of the supervising probation officer. The Court retains and exercises ultimate responsibility in this delegation of authority to the probation officer. See United States v. Kent, 209 F.3d 1073 (8th Cir. 2000).

8. The defendant shall submit his person, residence, workplace, vehicle, computer, and/or possessions to a search conducted by a United States Probation Officer based upon evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation, additional criminal charges, and arrest. The defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

9. The defendant shall not enter any establishment whose primary item of sale is alcohol.

Court Findings Justifying Special Conditions:
a. Mr. Spofford has a significant history of alcohol and drug abuse.

b. Mr. Spofford has never received drug and alcohol treatment services.

c. The conspiracy involves the death of two individuals and serious injury to another, related to the defendant's involvement with controlled substances.

d. The defendant has prior disruption of work, school, or home due to substance abuse.

e. The use of a RRC placement may be need should no home release plans exist to help reintegrate into society.

f. The defendant suffers from ADHD and possibly other mental health issues.

g. Financial disclosure need to ensure all of the defendant's income comes from legitimate sources.

DEFENDANT: **Andrew Michael Spofford**
CASE NUMBER: **3:12-cr-80-01**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 425.00       | $        | $               |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ 0.00 | $ 0.00 |
|--------|--------|--------|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.